UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JEFFREY GOODWIN, | Case No. 6:23-cv-00283-MTK |
| Plaintiff, | **ORDER** |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

Plaintiff moves for attorney fees in the amount of $35,103.00 pursuant to 42 U.S.C. § 406(b). ECF No. 21. Defendant neither supports nor opposes the motion and did not file a response. Linerud Decl. at 6, ECF No. 22.

Under 42 U.S.C. § 406(b), whenever a court renders a favorable judgment to a claimant who was represented before the court by an attorney, the court may allow as part of its judgment a reasonable fee, not in excess of 25% of the total past-due benefits. Fee awards under § 406(b) compensates a prevailing attorney for all work before the district court which led to a favorable result, including work on a prior appeal that led to a remand for further proceedings. *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1220–21 (9th Cir. 2012). The maximum contingent fee available under § 406(b) is 25% of past-due benefits. The statutory cap controls but does not displace claimant-attorney fee agreements; thus, courts must review for reasonableness fees

yielded by such agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). In evaluating whether a fee petition is reasonable given the facts in a case, a court must first consider the underlying agreement, and next evaluate whether the agreement is reasonable given the particular facts of a case. Fees are generally calculated by the "lodestar" method: hourly rate multiplied by the number of hours worked. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1125 (9th Cir. 2012). Where a plaintiff's attorney wins both types of fees in a matter, the EAJA fee is offset by the contingent fee to prevent the attorney for being paid twice for the same work. *Parrish*, 698 F.3d at 1220–21.

Here, Plaintiff moves for attorneys fees in the amount of $35,103.00 under § 406(b), offset by $8,300.00 in EAJA fees already awarded. The net attorneys fees sought is $26,803.00. Plaintiff agreed to a contingency fee of up to 25% of the amount awarded. The success in this litigation resulted in an award to Plaintiff and his children totaling $140,412.00. Twenty-five percent of the total award is $35,103.00. Plaintiff worked 36.10 hours on this case, bringing the effective hourly rate to $972.38. Although high, the Court finds this amount reasonable, given the risks associated with a contingency fee agreement, the fact that it took over two years for the filing of a motion for attorneys fees to ripen, and that the amount sought is consistent with the terms of the contractual agreement between Plaintiff and his counsel. After offset, the net amount of the attorneys owed to Plaintiff's attorney, Rory Linerud, is $26,803.00.

Plaintiff's Motion for Attorneys Fees (ECF No. 21) is GRANTED.

IT IS SO ORDERED.

DATED this 9th day of May 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge